IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JEFFERY L. HUTCHERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  3:04cv924-C |
| ) | WO |
| FLOWERS BAKING COMPANY OF ) | |
| OPELIKA, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION and MEMORANDUM OPINION**

**I.  BACKGROUND**

The plaintiff, Jeffery L. Hutcherson ("Hutcherson") filed a complaint on August 31, 2004, in the Circuit Court of Lee County, Alabama, asserting a claim of common law wrongful termination against Flowers Baking Company of Opelika, LLC, ("Flowers").  On September 30, 2004, Flowers filed a notice of removal on the basis of this court's original jurisdiction of this matter pursuant to the court's diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).  A defendant may remove to federal court any civil action over which the court would have original jurisdiction. 28 U.S.C. § 1441(a).  This court has jurisdiction over actions involving citizens of different states provided that all plaintiffs are diverse from all defendants, *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(b).  The parties do not dispute that Hutcherson is an Alabama citizen, that Flowers is a Georgia corporation with its principal place of business in Georgia, and that the amount in controversy exceeds $75,000.  Thus, at the time of removal, this court

had original jurisdiction over this action.

On November 11, 2004, Flowers filed a motion for summary judgment as to the wrongful discharge claim stated in Hutcherson's original complaint. On December 28, 2004, Hutcherson filed a motion to amend (doc. # 12) and a motion to remand (doc. # 13), in which he asserts that this court does not have diversity jurisdiction in this case because he seeks to amend his complaint to add two non-diverse defendants and state law claims arising under the Alabama Workers' Compensation Act. On January 31, 2005, Flowers filed responses to Hutcherson's motions. (Docs. # 19 & 20.) Hutcherson filed his final arguments on February 18, 2005.

Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. The court has carefully reviewed the notice of removal, Hutcherson's motion to remand and motion to amend, and Flowers' responses. Based on its review of the pleadings and relevant legal and statutory authorities, the court concludes that Hutcherson's motion to amend to add a retaliatory discharge claim is due to be granted and this case remanded to the Circuit Court of Lee County, Alabama.

## II.  DISCUSSION

### A.  The Timeliness of the Motion to Remand

Flowers asserts that Hutcherson's motion to remand is untimely because, "under 28 U.S.C. § 1447(c), a motion to remand a case on the basis of any defect, other than subject matter jurisdiction, must be made within thirty days after the filing of the notice of removal."

(Doc. # 18 at 2.) Section 1447(c) also provides that a case shall be remanded to the state court "[i]f at *any time* before final judgment it appears that the district court lacks subject matter jurisdiction. . . ." (Emphasis added.) At the time Flowers removed this action to this court, subject matter jurisdiction existed pursuant to 28 U.S.C. § 1332, the diversity jurisdiction statute. In his motion to remand, Hutcherson asserts that he has defeated diversity jurisdiction by requesting that his complaint be amended to add non-diverse defendants and claims arising under the Alabama Workers' Compensation Act. Because Hutcherson's challenge to this court's subject matter jurisdiction may be raised at any time, the court concludes that his motion to remand was timely filed.

## B.  The Attempt to Defeat Diversity Jurisdiction

### 1.  *The Claims Against Black and Fagan*

In his motion to amend, Hutcherson seeks to add Gwen Black ("Black") and Mickey Fagan ("Fagan"), residents of Opelika, Alabama, as defendants. Flowers asserts that Hutcherson's motion to amend his complaint to join these non-diverse defendants is merely an attempt to destroy diversity jurisdiction. Title 28 U.S.C. § 1447(e) provides:

> If after removal the plaintiff seeks to join additional defendants
> whose joinder would destroy subject matter jurisdiction, the
> court may deny joinder, or permit joinder and remand the action
> to the State court.

"The district court, when faced with an amended pleading naming a new non-diverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987).

The court, however, declines to further discuss or resolve the motion to add these two parties. As discussed below, the case will be remanded because the court will allow Hutcherson to add substantive state law claims, one of which deprives the court of jurisdiction as a matter of law. Whether Black and Fagan should be added as parties is better determined upon remand.

### 2.     *The Claims Against Flowers*

In his motion to amend, Hutcherson seeks to add a claim that Flowers violated ALA. CODE § 25-5-11.1 by terminating his employment because he sought workers' compensation benefits. He also seeks to add a claim that Flowers conspired with its employees to discharge him in retaliation for seeking workers' compensation benefits.[1] In his motion to remand, Hutcherson asserts that this case should be remanded to state court because his request to amend his complaint to add state law claims arising under the Alabama Workers' Compensation Act defeats diversity jurisdiction.[2] The relevant statutory authority provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). An ALA. CODE § 25-5-11.1 retaliatory discharge claim arises under Alabama's workmen's compensation laws. *Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir. 2000).

FED.R.CIV.P. 15(a) provides that leave to amend "should be freely given when justice

---

[1] For present pursposes, the court construes Hutcherson's conspiracy claim as a retaliatory discharge claim.

[2] Section 25-5-11.1, ALA. CODE 1975, an amendment to the Alabama Workers' Compensation Act, prohibits the retaliatory discharge of an employee for filing a workers' compensation claim. Thus, section 25-5-11.1 claims arise under the Alabama Workers' Compensation Act.

4

so requires." This liberal policy of allowing amendments under Rule 15(a) "circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir.1989). Flowers argues that Hutcherson's motion to add his retaliatory discharge claim should be denied because it is futile. Unquestionably, futility is a proper ground for denying a motion to amend. *Maynard v. Bd. of Regents of Universities of Fla. Dept. of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003). However, determination of whether Hutcherson's state law claims are futile would require the court to delve into an area of state law which is statutorily "off limits."[3] There is no concrete evidence that the plaintiff was dilatory in seeking to amend his complaint. The complaint was filed in state court on August 31, 2004. It was removed to this court on September 30, 2004, and the plaintiff filed his motion to amend on December 28, 2004. A motion to amend filed three months after the filing of an answer is not per se dilatory, and in the absence of evidence, the court will not conclude that a total of four month constitutes undue delay. In addition, Flowers fails to show that it will be prejudiced by allowing the amendment.[4]

---

[3] The court agrees with Flowers that Hutcherson's wrongful termination claim lacks merit because Hutcherson admits he is an "at-will" employee and, therefore, subject to termination at any time for any reason not otherwise prohibited by law. *See e.g., Cunningham v. Dabbs*, 703 So.2d 979, 981 (Ala. Civ. App. 1997). However, the court declines to adjudicate this issue, which can be expeditiously resolved by the state court.

[4] The court is quite well aware that the retaliatory discharge amendment is most likely for the purpose of destroying diversity. But, the *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987), factors which include whether a motion to amend to add a party is for that purpose are not applicable when the amendment concerns addition of a claim rather than a party. *See Town of Gordon v. Great Amer. Ins. Co., Inc.*, 331 F.Supp.2d 1357 (M.D. Ala. 2004).

After careful consideration, the court concludes that justice requires that Hutcherson be allowed to amend his complaint to add the retaliatory discharge. Addition of that claim destroys the basis on which jurisdiction of this court is founded; consequently, the case will be remanded to the circuit court of Lee County, Alabama.

### III.  CONCLUSION

Accordingly, it is

ORDERED as follows:

1. That Hutcherson's motion to amend (doc. # 12) to add parties be and is hereby DENIED without prejudice.

2. That Hutcherson's motion to amend (doc. # 12) to add claims under Alabama law be and is hereby GRANTED.

3. That Hutcherson's motion to remand (doc. # 13) be and is hereby GRANTED and the Clerk of the Court is DIRECTED to take the necessary action to remand this case to the Circuit Court of Lee County, Alabama.

Done this 16th day of June, 2005.

    /s/Charles S. Coody  
CHARLES S. COODY  
CHIEF UNITED STATES MAGISTRATE JUDGE